UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 14-716-GW (KS)            Date: June 20, 2016

Title  *Maria Quijano v. D.K. Johnson*

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.     Background**

On February 7, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. No. 3.) On June 9, 2015, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus on the grounds that the Petition is "mixed" and subject to dismissal because: Grounds Five through Nine and part of Ground Ten were not properly exhausted; and Grounds Five through Seven are procedurally defaulted. (Dkt. No. 17.)

On December 7, 2015, Petitioner requested leave to file a motion to amend the Petition before being required to file an opposition to the Motion to Dismiss. (*See* Dkt. No. 35.) On December 8, 2015, the Court granted Petitioner's request and, pursuant to Petitioner's request, ordered Petitioner to file a motion for stay-and-abeyance "within 14 days of [any] order granting the motion to amend." (Dkt. No. 36; *see also* Dkt. No. 46 ("If amendment is granted, Petitioner will seek a stay while she exhausts the newly asserted claims.").)

On April 18, 2016, Petitioner filed both a motion to amend and her Opposition to the Motion to Dismiss. (Dkt. Nos. 45, 46.) On May 18, 2016, the Court granted Petitioner's motion to amend. (Dkt. No. 52.)
\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 14-716-GW (KS)                                                                 Date: June 20, 2016

Title         *Maria Quijano v. D.K. Johnson*


## II.   The First Amended Petition

The First Amended Petition presents the following twelve grounds for relief:

Ground One:  Petitioner argues that the trial court should have instructed the jury that it was not permitted to consider convicting Petitioner of aggravated assault, instead of first degree murder.  (*See* Petition at 5; *see also* Lodg. No. 3.)

Ground Two:  In issuing CALCRIM 400, the trial court misstated the elements of aiding and abetting.  (*See* Petition at 5-6; *see also* Lodg. No. 3.)

Ground Three:  The trial court violated due process by failing to issue CALCRIM 640 regarding the jury's consideration of second degree murder if it found Petitioner not guilty of first degree murder.  (*See* Petition at 6; *see also* Lodg. No. 3.)

Ground Four:  The trial court erred in instructing the jury on financial gain murder because Petitioner did not have or provide a financial incentive for the murder.  (Petition at 6; *see also* Lodg. No. 3.)

Ground Five:  The trial court exhibited judicial bias by allowing the prosecutor to introduce evidence of an accomplice's confession without providing Petitioner with an opportunity for cross-examination, admonishing the defense attorney in front of the jury, and allowing the admission of "multilayers of hearsay." (Petition at 6; *see also* Lodg. No. 8.)

Ground Six:  The prosecutor committed misconduct during closing arguments.  (Petition at 8; *see also* Lodg. No. 8.)

Ground Seven:  Jurors committed misconduct by not paying attention and falling asleep. (Petition at 8.)

Ground Eight:  Petitioner received ineffective assistance of trial counsel because counsel failed to present "important evidence," failed to call witnesses, failed to object during closing arguments, and failed to locate exculpatory evidence.  (Petition at 9; *see also* Lodg. No. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 14-716-GW (KS)                                                                Date: June 20, 2016

Title     *Maria Quijano v. D.K. Johnson*

     Ground Nine:  Cumulative error resulting from "misconduct" and the trial court's errors. (Petition at 9; *see also* Dkt. No. 53 ("FAP") at 1-2.)

     Ground Ten:  Petitioner received ineffective assistance of trial counsel because trial counsel failed to introduce evidence showing that the police violently coerced Petitioner's inculpatory statements.  (Petition at 9; *see also* Lodg. No. 16.)

     Ground Eleven:  Petitioner received ineffective assistance of appellate counsel to the extent that any of Petitioner's claims were deemed unexhausted, untimely, or procedurally or otherwise barred as a result of appellate counsel's actions, or inaction, on direct review.  (FAP at 2-3.)

     Ground Twelve:  The California Supreme Court's decision in *People v. Chiu*, 59 Cal. 4th 155 (2014) invalidated the legal theory on which Petitioner was convicted of first degree murder, *i.e.*, that an aider and abettor may be convicted for first degree premeditated murder under the natural and probable consequences doctrine.  (FAP at 3-12.)

### III.   First Amended Petition Remains "Mixed" And Subject To Dismissal.

     Respondent contends in the Motion to Dismiss, and Petitioner concedes in the Opposition, that Grounds Seven (jury misconduct) and Nine (cumulative error) are unexhausted, and the Court's review of the record confirms Respondent and Petitioner's assertions.  (*See generally* Lodg. Nos. 3, 8, 16; *see also* Dkt. No. 45 at 8-9 (Petitioner concedes that Grounds Seven and Nine were not presented to the California Supreme Court).)

     On June 16, 2016, Petitioner filed a motion for a stay and abeyance ("Stay Motion") of her habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005) "pending the exhaustion of state court remedies with respect to [Ground Twelve:] her claim that she was denied her constitutional rights . . . when the jury instructions allowed her conviction for first degree murder under an erroneous legal doctrine, "natural and probable consequences," subsequently overturned by the California Supreme Court in [*Chiu*]." (*See* Stay Motion at 1.) Petitioner argues that she is entitled to a *Rhines* stay because her argument in Ground Twelve is based on the California Supreme Court's decision in *Chiu*, which, although decided more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS)                      Date: June 20, 2016

Title  *Maria Quijano v. D.K. Johnson*

two years before Petitioner filed the Stay Motion, was not decided until after Petitioner filed the Petition.

Petitioner has not sought a stay and abeyance with respect to her claims in Grounds Seven and Nine, although she has conceded that these claims are not exhausted.  (*See generally* Stay Motion.)  Accordingly, regardless of whether Petitioner receives a *Rhines* stay to exhaust Ground Twelve, the First Amended Petition is, by Petitioner's own admission, "mixed" – and the Motion to Dismiss should be granted on that basis.

**IV.    Petitioner Is Ordered To Show Cause**

**For the reasons stated above, Petitioner is ORDERED TO SHOW CAUSE no later than July 5, 2016 why the First Amended Petition should not be dismissed as "mixed" given the scope of her Stay Motion and accompanying showing of good cause as well as the concessions in her Opposition.**  Petitioner's options for discharging this order include, but are not necessarily limited to, filing a Notice of Voluntary Dismissal of Grounds Seven and Nine.[1]

**Petitioner is cautioned that her failure to timely respond to this order in such a manner as to render the Petition a viable operative pleading <u>will</u> result in a recommendation of dismissal.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rh |

---

[1]   It is also possible that Petitioner may be able to dismiss her cumulative error claim in Ground Nine without prejudice, exhaust it in state court, and seek leave to add Ground Nine back to the First Amended Petition after the state court exhaustion proceedings concerning that claim are complete.  *Cf. Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003) (petitioner "may amend his petition to delete unexhausted claims . . . and then amend his petition to include the deleted claims once they have been fully exhausted in the state courts").  Petitioner is reminded that, although state court doctrines concerning timeliness and procedural default may limit her success in state court, she does not need this Court's leave to file a state habeas petition and commence her state court exhaustion proceedings.