UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 14-716-GW (KS)                      Date: June 30, 2016

Title  *Maria Quijano v D.K. Johnson*

Present: The Honorable:  Karen L. Stevenson, United States Magistrate Judge

| Roxane Horan-Walker | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:  (IN CHAMBERS) ORDER REGARDING "MIXED" PETITION AND DIRECTING RESPONSE**

**I.  Background**

      On February 7, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254.  (Dkt. No. 3.)  On June 9, 2015, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus on the grounds that the Petition is "mixed" and subject to dismissal because:  Grounds Five through Nine and part of Ground Ten were not properly exhausted; and Grounds Five through Seven are procedurally defaulted.  (Dkt. No. 17.)

      On December 7, 2015, Petitioner requested leave to file a motion to amend the Petition before being required to file an opposition to the Motion to Dismiss.  (*See* Dkt. No. 35.)  On December 8, 2015, the Court granted Petitioner's request and, pursuant to Petitioner's request, ordered Petitioner to file a motion for stay-and-abeyance "within 14 days of [any] order granting the motion to amend."  (Dkt. No. 36; *see also* Dkt. No. 46 ("If amendment is granted, Petitioner will seek a stay while she exhausts the newly asserted claims.").)

      On April 18, 2016, Petitioner filed both a motion to amend and her Opposition to the Motion to Dismiss.  (Dkt. Nos. 45, 46.)  On May 18, 2016, the Court granted Petitioner's motion to amend.  (Dkt. No. 52.)

      On June 16, 2016, Petitioner filed a Motion to Stay ("Stay Motion") the case pending exhaustion of Ground Twelve in the state courts pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  (Dkt. No. 55.)  On June 20, 2016, the Court ordered Petitioner to show cause why the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS)                                                                 Date: June 30, 2016

Title     *Maria Quijano v D.K. Johnson*

First Amended Petition should not be dismissed as mixed given the limited scope of her Stay Motion, the accompanying showing of good cause, and her concessions in the Opposition. (Dkt. No. 56.) On June 23, 2016, Petitioner responded by filing an application for leave to file an Amended Motion of Stay (Dkt. No. 57) accompanied by the proposed Amended Motion for Stay ("Amended Stay Motion") and a declaration by Petitioner's lawyer. (Dkt. No. 58). In that declaration, counsel states that he has spoken with Respondent's attorney who has expressed no opposition to the Amended Stay Motion except to the extent it seeks a stay of Petitioner's jury misconduct claim in Ground Seven. (Amended Stay Motion at 10.) On June 29, 2016, the Court granted Petitioner's application for leave to file the Amended Stay Motion.

**II.    The First Amended Petition**

The First Amended Petition presents the following twelve grounds for relief:

Ground One:  Petitioner argues that the trial court should have instructed the jury that it was not permitted to consider convicting Petitioner of aggravated assault, instead of first degree murder. (*See* Petition at 5; *see also* Lodg. No. 3.)

Ground Two:  In issuing CALCRIM 400, the trial court misstated the elements of aiding and abetting. (*See* Petition at 5-6; *see also* Lodg. No. 3.)

Ground Three:  The trial court violated due process by failing to issue CALCRIM 640 regarding the jury's consideration of second degree murder if it found Petitioner not guilty of first degree murder. (*See* Petition at 6; *see also* Lodg. No. 3.)

Ground Four:  The trial court erred in instructing the jury on financial gain murder because Petitioner did not have or provide a financial incentive for the murder. (Petition at 6; *see also* Lodg. No. 3.)

Ground Five:  The trial court exhibited judicial bias by allowing the prosecutor to introduce evidence of an accomplice's confession without providing Petitioner with an opportunity for cross-examination, admonishing the defense attorney in front of the jury, and allowing the admission of "multilayers of hearsay." (Petition at 6; *see also* Lodg. No. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS) <u>                              </u>  Date: June 30, 2016<u>       </u>
Title    <u> *Maria Quijano v D.K. Johnson*                                            </u>

Ground Six:  The prosecutor committed misconduct during closing arguments.  (Petition at 8; *see also* Lodg. No. 8.)

Ground Seven:  Jurors committed misconduct by not paying attention and falling asleep.  (Petition at 8.)

Ground Eight:  Petitioner received ineffective assistance of trial counsel because counsel failed to present "important evidence," failed to call witnesses, failed to object during closing arguments, and failed to locate exculpatory evidence.  (Petition at 9; *see also* Lodg. No. 8.)

Ground Nine:  Cumulative error resulting from "misconduct" and the trial court's errors.  (Petition at 9; *see also* Dkt. No. 53 ("FAP") at 1-2.)

Ground Ten:  Petitioner received ineffective assistance of trial counsel because trial counsel failed to introduce evidence showing that the police violently coerced Petitioner's inculpatory statements.  (Petition at 9; *see also* Lodg. No. 16.)

Ground Eleven:  Petitioner received ineffective assistance of appellate counsel to the extent that any of Petitioner's claims were deemed unexhausted, untimely, or procedurally or otherwise barred as a result of appellate counsel's actions, or inaction, on direct review.  (FAP at 2-3.)

Ground Twelve:  The California Supreme Court's decision in *People v. Chiu*, 59 Cal. 4th 155 (2014) invalidated the legal theory on which Petitioner was convicted of first degree murder, *i.e.*, that an aider and abettor may be convicted for first degree premeditated murder under the natural and probable consequences doctrine.  (FAP at 3-12.)

**III.   Petitioner Failed to Demonstrate that She had Good Cause for Failing to Exhaust Ground Seven**

Petitioner conceded in her Opposition to the Motion to Dismiss that she failed to exhaust Ground Seven (juror misconduct) in the state courts, (Opposition at 8-9), and the Court's review of the record confirms Petitioner's concession (*see generally* Lodg. No. 8).  Petitioner's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS)                                                                 Date: June 30, 2016
Title     *Maria Quijano v D.K. Johnson*

exhaust Ground Seven renders the First Amended Petition "mixed" and subject to dismissal as a whole.[1]

When a petition is "mixed," the petitioner must be given the opportunity to dismiss the action without prejudice so that he may return to state court to exhaust all of his claims (Option One) or to amend the petition to delete the unexhausted claims and proceed only with the exhausted claims (Option Two). *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (the district court must give a petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims"); *see also Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (*per curiam*).  Option One − dismissal of the action without prejudice − can be risky for state prisoners for whom the 28 U.S.C. § 2254(d)(1) one-year limitations period for seeking federal habeas relief may have expired or be close to expiring, as prisoners in this situation may find that, once they exhaust all of their claims and return to federal court, their later-filed federal habeas petition will be time-barred.  Option Two − the election to dismiss the unexhausted claims and proceed only with exhausted claims − avoids the risk of having the statute of limitations preclude any federal habeas consideration; however, it may foreclose the prisoner's ability to have the dismissed claims considered by a federal court.

Alternatively, a district court has the discretion to stay a "mixed" petition while the petitioner returns to state court to present unexhausted claims.[2]  *See, e.g., Rhines v. Weber*, 544

---

[1] Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights*.  See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).  A Section 2254 habeas petition that contains both exhausted and unexhausted claims is considered to be "mixed."

[2] In some circumstances, a habeas petitioner may also seek a *Kelly* stay, pursuant to which the petitioner amends the "mixed" petition by deleting the unexhausted claim, the amended and now fully exhausted petition is then stayed, the petitioner exhausts his or her claim in state court, and the petitioner then returns to federal court and is allowed to amend the stayed petition to include the newly exhausted claim − a petitioner need not establish good cause for the failure to exhaust the claim at issue.  *King*, 564 F.3d at 1143.  However, a *Kelly* stay is "not only a more cumbersome procedure for petitioners, but it is also a riskier one.  A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition, once he has exhausted them,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS)                      Date: June 30, 2016

Title  *Maria Quijano v D.K. Johnson*

U.S. 269, 275-77 (2005) (addressing the requirements for a *Rhines* stay). In the Amended Stay Motion, Petitioner seeks a *Rhines* stay to return to the state courts to exhaust Ground Seven. (*See* Amended Stay Motion at 1.)

      To obtain a *Rhines* stay, however, a petitioner must show:  (1) "good cause" for the failure to exhaust the claim at issue; (2) the unexhausted claim is "potentially meritorious;" and (3) she has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. The good cause element of the *Rhines* test "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's *reasonable* confusion . . . will ordinarily constitute 'good cause' [under *Rhines*] . . . .") (emphasis added). A bald assertion of good cause without evidentiary support does not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust. *Id.* Accordingly, in *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit held that the petitioner's excuse that he was "under the impression" that his claim was exhausted was not a reasonable excuse because no evidence indicated that the petitioner's ignorance was justified. *Wooten*, 540 F.3d at 1024 n.2. However, in *Pace*, the Supreme Court found that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. *Pace*, 544 U.S. at 416.

      In the Amended Stay Motion, Petitioner states that Ground Seven should not be dismissed for lack of exhaustion because "it was inadvertently omitted from her petition in the California Supreme Court. Because the omission was inadvertent and attributable to the disadvantages faced by incarcerated pro se litigants, there is no lack of diligence." (Amended Stay Motion at 4.) She similarly contends that she had good cause under *Rhines* for failing to exhaust Ground Seven "because she inadvertently failed to include it in her final state-court petition in the California Supreme Court." (*Id.* at 7.) Petitioner further indicates that, although Respondent generally does not oppose, or takes no position regarding, her request for a *Rhines* stay, "[Respondent] opposes a stay on Ground Seven." (Amended Stay Motion at 2 n.2; *see also id.* at 10.)

---

only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *Id.* at 1140-41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 14-716-GW (KS)                                              Date: June 30, 2016

Title    *Maria Quijano v D.K. Johnson*

As stated above, a bald assertion of good cause without evidentiary support does not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust. *Blake*, 745 F.3d at 982. Accordingly, in *Wooten*, the Ninth Circuit held that the petitioner's excuse that he was "under the impression" that his claim was exhausted was not a reasonable excuse because no evidence indicated that the petitioner's ignorance was justified. *Wooten*, 540 F.3d at 1024 n.2.

Here, Petitioner has baldly asserted that she had good cause for failing to exhaust Ground Seven because she meant to exhaust Ground Seven but "inadvertently" did not. Petitioner's inadvertence, like Wooten's ignorance, is not in and of itself "a reasonable excuse, supported by sufficient evidence, to justify [her] failure." *See Blake*, 745 F.3d at 982. Petitioner suggests that her inadvertence was the result of "the disadvantages faced by incarcerated pro se litigants," (*see* Amended Stay Motion at 4), but there is no evidence she faced any particular disadvantages with respect to the exhaustion of Ground Seven that she did not face with respect to those claims that she did exhaust. In light of the foregoing, Petitioner has failed to show that her "inadvertence" was reasonable or justified, and therefore, she has failed to demonstrate that she had good cause for failing to exhaust Ground Seven.

**IV.     Petitioner's Options**

In sum, Petitioner has failed to refute Respondent's claim that the Petition, and First Amended Petition, should be dismissed as "mixed." Consequently, **unless Petitioner clearly and timely elects one of the following two options**, the Court intends to recommend dismissal of this action:

Option One:  **Petitioner may allow the First Amended Petition to be dismissed without prejudice** on the basis that it is mixed and, if she wishes to do so, return to state court to exhaust her unexhausted claims. Under this option, once the state exhaustion process is complete, Petitioner would have to file a new and fully-exhausted federal habeas petition containing all her exhausted claims. Petitioner is cautioned that any such new federal habeas petition she might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and possibly could be untimely. **To choose Option One, Petitioner must, on or before the date set forth below, file and serve a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 14-716-GW (KS)      Date: June 30, 2016

Title  *Maria Quijano v D.K. Johnson*

    <u>Option Two</u>:  **Petitioner may dismiss unexhausted Ground Seven**, which would allow the Court to grant the Amended Stay Motion, stay the First Amended Petition, and hold the case in abeyance until Petitioner has completed her state court exhaustion proceedings.  **To choose Option Two, Petitioner must, on or before the date set forth below, file and serve a document entitled Notice Of Voluntary Dismissal Of Ground Seven, in which she clearly states she is voluntarily dismissing Ground Seven, without prejudice, on the basis that the claim is unexhausted**.

    **IT IS ORDERED** that Plaintiff shall file a response that selects <u>one</u> of the foregoing Options in compliance with this Order by no later than July 8, 2016.

    Petitioner is cautioned that a failure to respond to this Order by July 8, 2016, will be deemed to constitute an exercise of Option One, and the Court will recommend dismissal of this case without prejudice.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | rh |